## STUTSMAN V. CITY OF CHEYENNE.
### (No. 625.)

VIOLATION OF MUNICIPAL ORDINANCE—KEEPING HOUSE OF ILL FAME
—COMPLAINT—SUFFICIENCY—APPEAL    AND    ERROR—CONFLICTING
EVIDENCE.

1. A complaint for the violation of a city ordinance prohibit-
ing the keeping of a house of ill fame is sufficient, though
the words "knowingly" and "unlawfully" are not used in
charging the offense, where the evidence provides that
no such house shall be kept and maintained within the city,
and that one who keeps or maintains such a house shall
be punished as therein provided, since if one maintains
such a house it is unlawful within the provision of the
ordinance, and it could not be kept or maintained without
knowledge of 'the fact.

2. The evidence being conflicting, but there being sufficient
evidence, if believed, to establish guilt, it is for the jury to
say upon all the evidence whether the defendant was guilty,
and its finding will not be disturbed on error.

[Decided February 6, 1911.]           (113 Pac. 321.)

ERROR to the District Court, Laramie County, HON. ROD-
ERICK N. MATSON, Judge.

The material facts are stated in the opinion.

*W. B. Ross* and *W. R. Stoll,* for plaintiff in error.

The provision in the city charter (Comp. Stat., Sec. 1383)
that on appeal from the Police Justice the case shall stand
for trial in the District Court upon the transcript and there
shall be no trial *de novo* is unconstitutional, and ·we con-
tend that such a case can be tried in the District Court only
by a common law jury. (Const., Art. I, Secs. 9, 10.) The
act of 1895 establishing a municipal court in all cities, and
naming the judge of such court as Police Justice provided
that the procedure in such courts should conform as nearly
as possible to the procedure before a Justice of the Peace,
and that appeals should be taken in the manner provided
by law for appeals from Justices of the Peace. This prob-
ably means the manner in which the appeal is taken and

does not refer to a jury trial in the District Court. If reference be had to the sections relating to appeals from Justices of the Peace in criminal cases, they provide that when the appeal is taken the case shall stand for trial anew in the District Court in the same manner as tried before justices of the peace, and this may mean that the case shall stand for trial in the District Court before a jury of six men, that being the jury allowed in justice's court. If that is so then the trial would be unconstitutional in the District Court.

The act charged against the plaintiff in error is a crime against public morals, and is punishable as a public offense under the statute. The particular offense charged in this case is a violation of a city ordinance, which is of the same nature as the public offense described in the statutes, and is not merely what is commonly designated as a police regulation. At common law and under statutes of the different states there were certain offenses cognizable by justices of the peace and other inferior magistrates which did not give the defendant a right to a trial by jury. They are what may be called petty offenses. They were not offenses which involved any criminal element to speak of but were violations of what may properly be designated as police regulations, and while they would be punished yet they were not considered of so serious a nature as such offenses as larceny, burglary or like crimes. It follows that an accused is not entitled to a jury trial for a violation of an ordinance classed as a police regulation while he would be entitled to a jury trial where the offense is one that might also be punished by statute as an offense against the public at large. (1 Dillon Mun. Corp., (3rd Ed.) Secs. 424-441; State v. Topeka, 12 Pac. 310.) The offense charged in this case being one which might also be punishable under the statute is therefore an offense which entitles the defendant to a jury trial.

It is a familiar principle that a defendant charged with a criminal offense is entitled to a jury trial, which means a

common law jury of twelve men. A jury before a justice
of the peace is not a common law jury. The right of trial
by jury cannot be infringed or hampered in any way so as
to make it useless. Even in civil cases, where the ground
is sufficient, or where the question relates to the possession
or destruction of a person's property, either party has a right
to a trial by jury. This is not given to him by trying his
case exclusively before an inferior magistrate even with a
jury of six men or with a jury of twelve men. But it is
held in a majority of cases that if an appeal is permit-
ted from such inferior court to a court in which a common
law jury is permitted, then his right to a jury trial is not
taken away. In criminal cases not involving violations of
mere police regulations, the right to jury trial is not granted
when the defendant is tried exclusively before a police
magistrate and is given a jury of six or twelve men, but the
majority of cases hold that if an appeal from such court
is permitted to a court where there is a common law jury
then the right to jury trial is not denied. It is held by many
courts that where a misdemeanor is charged—not an offense
against a police regulation—a trial by common law jury
must be had in the first instance, and that a defendant is
deprived of this right where he is tried before a police
magistrate or other inferior court first by jury of six or
twelve men and then takes an appeal to a court which has a
common law jury; but the majority of cases hold that the
right given to appeal, although a bond is exacted, is simply
a regulation and does not deny the right, and so long as
the regulation is not oppressive it cannot be considered an
obstruction to trial by jury. All the authorities sustain the
correctness of the proposition that the offense here charged
is one against the public at large and entitles the defend-
ant to a jury trial. Also that if this right to jury trial be
not given in the law regulating appeal the law is unconsti-
tutional. (1 Dillon Mun. Corp. (3rd Ed.) Sec. 349; 1
Bishop Cr. Proc.., Sec. 893; 24 Cyc. 194, 195; McGear v.
Woodruff, 33 N. J. L. 213; Johnson v. Barclay, 16 N. J. L.

1; Marshall v. Standard, 24 Mo. App. 192; Callan v. Wilson, 127 U. S. 540; Rolfs v. Shallcross, (Kan.) 1 Pac. 523; Emporia v. Volmer, 12 Kan. 473; Stahl v. Lee, (Kan.) 80 Pac. 983; Work v. State, 2 O. St. 297; Slaughter v. People, 2 Doug. 334; Welch v. Stowell, 2 Doug. 331; State v. Berry, 68 N. H. 495; Burns v. LaGrange, 17 Tex. 415; Smith v. San Antonio, 17 Tex. 644; Green v. Briggs, 1 Curt. C. C. 311; Saco v. Wentworth, 37 Me. 165; Danner v. State, 89 Md. 220.)

In California there can be no punishment by city ordinance of any offense which is covered by the state law, and, consequently, where a person has been arrested under a city ordinance which is the same as the state law the city magistrate is held to have no jurisdiction; but where the ordinance is not covered by the state law the city magistrate has jurisdiction. (*In re* Sic, (Cal.) 14 Pac. 405; *ex parte* Johnson, (Cal.) 15 Pac. 43; *ex parte* Campbell, (Cal.) 15 Pac. 318; *in re* Lane, (Cal.) 18 Pac. 677.) In Alabama statutes which do not give upon an appeal right to trial by common law jury are held unconstitutional. (Collins v. State, 7 So. 260, 9 So. 555; Ry. Co. v. Newton, 10 So. 89.)

If the case at bar is a criminal case, and we think that it is such a case, it must be tried in the District Court before a jury of twelve men and cannot be tried simply upon the transcript. This conclusion necessarily follows from the constitutional provisions, so that the charter provision that the case is to be tried upon the transcript seems beyond question to be unconstitutional.

The information is insufficient because it charges the offense to have been committed between two certain dates named and does not use the words "unlawfully" or "knowingly." While it may be admitted that, as a general rule, complaints before a police magistrate or justice of the peace need not be drawn with technical accuracy, still they must contain some of the elements necessary to constitute guilt on the part of the accused. There must be some defi-

nite time stated in the complaint unless the information is laid with a *continuando*. (1 Bish. Cr. Proc., Secs. 386-406; 22 Cyc. 313, 314, 317-319.) There must be some element in the charge importing a guilty knowledge, otherwise there is no crime charged. (1 Bishop Cr. Proc., Secs. 503, 504; Wong v. Astoria, (Ore.) 11 Pac. 295.) The evidence in the case is insufficient.

*William A. Riner*, for the defendant in error, contended that the provision for taking appeals from police justices in the same manner as appeals are taken from justices of the peace merely refers to the method of taking the appeal, which means simply the various steps necessary to place the case in the appellate tribunal, citing: Lavarance v. Lockhart, 45 S. E. 393; Law v. Nelson, 24 Pac. 2; Stratt v. Blanchard, 24 Pac. 561; Credit Co. v. A. R. K. &c. Co., 128 U. S. 258; 2 Cyc. 805. And that, therefore, the charter provision to the effect that the case shall stand for trial upon the transcript without a trial *de novo* in the District Court continues to govern the procedure in the District Court after the appeal is taken. Counsel further contended that the constitutionality of the statute or ordinance cannot first be raised on appeal, citing: 2 Cyc. 664, and 12 Cyc. 808. Also that a prosecution for a violation of the city ordinance in question is not the same as a prosecution for a similar offense under the general statute and that the one prosecution would not be a bar to the other, citing: State v. Lee, (Minn.) 13 N. W. 913; State v. Thornton, 37 Mo. 361; McQuillan on Mun. Ord., Sec. 509. That the defendant asked for and was given a jury trial before the police justice, a trial before six jurymen, and she was convicted. The Constitution expressly authorizes a jury of less than twelve men in inferior courts. Further, the Constitution provides that appeals from police magistrates shall lie in such cases and pursuant to such regulations as may be prescribed by law. The Legislature has prescribed by law the procedure on appeal in such cases as the one at bar. The proposition urged by counsel for defendant is

that she must give *two* valid and legal trials. A state may by its Constitution provide for a less number than twelve in the formation of a jury. (*In re* McKee, (Utah) 57 Pac. 23; Maxwell v. Dow, 17 U. S. 581; 1 Abbott's Mun. Corp., Sec. 129; McQuillin on Mun. Corp., Sec. 475; People v. Hanrahan, 4 L. R. A. 751.)

By the great weight of authority any infractions of municipal ordinances, such as that charged in the case at bar, may be disposed of summarily without a jury. (Opelousas v. Giron, (La.) 16 So. 191; State v. Williams, (S. C.) 19 S. E. 5; State v. Grimes, (Minn.) 86 N. W. 450; Hunt v. Jacksonville, (Fla.) 43 Am. St. 214; People v. Stein, 80 N. Y. Supp. 847; People v. Dutcher, 83 N. Y. 240; People v. Iverson, 61 N. Y. Supp. 220; Schafer v. Mumma, 17 Md. 331; Wong v. Astoria, (Ore.) 11 Pac. 295.)

It was further contended that the use of the word "unlawful" in charging the violation of municipal ordinances prohibiting the keeping or maintaining within the city limits a house of ill fame is not necessary. (Wharton's Cr. Pl. & Pr. (9th Ed.), Sec. 269; Clark's Cr. Proc., p. 196; 1 Bish. Cr. Proc., Sec. 503.) As to the objection that the time of the commission of the alleged offense is not laid with precision, the statute provides that no indictment shall be deemed invalid for omitting to state the time at which the offense was committed in any case where the time is not of the essence of the offense, nor for stating the time imperfectly. (Rev. Stat. 1899, Sec. 5301.) The time of its commission is not of the essence of this particular offense. (U. S. v. Burch, Fed. Cas. No. 14683; State v. Wister, 62 Mo. 592.) A specific charge of the offense mentioned in the complaint in this case contains within its terms the knowledge of its purpose, and it is not necessary to allege that the keeping of the house was with the knowledge of the accused. (14 Cyc. 497; Comm. v. Davis, 9 Ky. L. Rep. 494; Brown v. Toledo, 150 Mass. 314; McQuillin on Mun. Ord. 539, 490-492.) There was abundant evidence from which the jury might find a verdict of guilty

and therefore the verdict will not be interfered with in an appellate court.

SCOTT, JUSTICE.

The plaintiff in error was tried and found guilty upon a complaint charging her with maintaining a house of ill fame in violation of an ordinance of the City of Cheyenne, which complaint was filed in the police court of the city on April 1, 1907. From the judgment she appealed to the District Court where the judgment was affirmed, and she brings the case here on error.

1.   It is assigned as error that the court erred in holding the complaint sufficient and that plaintiff in error's objection thereto is unfounded. The transcript from the police magistrate certified to the District Court on appeal shows that this question was not raised in the police court. From the record of the proceedings in the District Court it is recited that "At the conclusion of the reading of the transcript argument was had upon the case, appellant contending as follows, to-wit:  *   *   *   2. That the information was insufficient in not using the words 'unlawful' and 'knowingly'." The word "information" is improperly used and was doubtless intended as complaint, for the plaintiff in error was not prosecuted by information but upon complaint by and in the name of the city. The words *"knowingly"* and *"unlawfully"* are essential in charging a crime when knowledge is an element of the crime charged. (Secs. 503, 522, Bishop New Cr. Proc.) The offense here charged is not prosecuted either as a common law or a statutory offense. Neither word appears in the ordinance defining the offense. The ordinance provides that no such house shall be kept and maintained within the limits of the city and that one who keeps or maintains such a house, or who permits a house in his or her possession or under his or her control to be used and rented for such purposes shall be punished as therein provided. Knoweldge and the unlawful nature of the act are implied by the language of the ordinance. In the absence of an express allegation in the complaint that

the act complained of was unlawful and done with knowl-
edge, its language imports that it was so done. It is charged
that she did maintain within the limits of the City of Chey-
enne a place for the practice of fornication, giving the street
and number of the house so maintained and that such act
was contrary to the provisions of the ordinance, and identi-
fying the latter by title and date of its passage. If she
maintained such a house it was unlawful within the pro-
vision of the ordinance, and she could not maintain such a
house without knowledge of what she was doing. We are of
the opinion that the complaint was sufficient to charge an
offense under the ordinance.

2.    It is contended that the finding, judgment and de-
cision are contrary to the evidence and not sustained by
sufficient evidence. There was evidence which if believed
by the jury was sufficient to establish her guilt. The wit-
nesses were before the jury who were the sole judges of the
weight of the evidence and the credibility of the witnesses,
and although such evidence was conflicting it was for the
jury to say upon all the evidence whether she was guilty of
the charge.

3.    It is assigned as error that the District Court erred in
holding that Section 1291, R. S. 1899 (Sec. 1383, Comp.
Stat. 1910) providing that cases of this character shall
stand for trial upon the transcript and that no trial *de novo*
shall be had in the District Court is constitutional, and in
holding that said section is not in violation of Sec. 9, Art.
I of the Constitution of this State or of Sec. 10 of the same
article, or of any other constitutional provision contrary
to her contention that she was entitled to a trial *de novo*
by a common law jury in the District Court upon her appeal.

This question was discussed in the opinion this day filed
in a case between the same parties, and decided contrary to
plaintiff in error's contention. The judgment will be af-
firmed.                                                    *Affirmed.*

BEARD, C. J., and POTTER, J., concur.