TERRITORY OF HAWAII *v.* DAVID HERBERT SANTANA.

NO. 2653.

ARGUED SEPTEMBER 16, 1947. DECIDED OCTOBER 1, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This is a prosecution initiated under the provisions of Revised Laws of Hawaii 1945, section 11674, the text of which with the succeeding section, 11675, to which it refers, is quoted in the margin.[1]    The defendant was charged

---

1 "Sec. 11674. Soliciting; penalty. Any person who shall in any manner solicit, or be privy to, or aid or abet in the soliciting of another to unlawful sexual intercourse; or to attend at any place where immoral dances, plays or any indecent entertainment is being given; or

with violating a provision of the statute making it an offense to "lead, conduct or drive any person to such place." The charge is extremely brief, alleging merely that the defendant, at the time and place alleged, "did lead, conduct and drive persons to a place where a prostitute resides and carries on her business, to wit: did lead, conduct and drive [here follow the names of two male persons] to the place known as 3454 Alani Drive in said Honolulu, a place of one Barbara Rogers, did then and there and thereby violate the provisions of Section 11674 RLH."

The specifications of error relied upon are:

"A. That the charge did not state facts sufficient to constitute a criminal offense.

"1. A charge, alleging the commission of the offense of driving people to a place where a prostitute resides and carries on her business, without alleging in some form that

to go to or attend at any place where a prostitute resides or carries on her business, or where prostitutes are generally known to congregate and assemble; or shall exhibit any writing, sign, character or in any other manner indicate and advertise the business or calling of a prostitute; or do any other thing tending to allure and tempt another to go to or attend at any of the places in this section or in section 11675 indicated, or shall lead, conduct or drive any person to such place, or act as guide or conductor for that purpose, or for any of the purposes herein specified; or shall procure any prostitute for any person, whether the prostitute shall be actually taken to or conducted to the person or not; shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not more than five hundred dollars, or be imprisoned not over one year, and, if such person be a licensed driver, his license shall be forfeited, and he shall not thereafter be licensed to drive for two years.

"Sec. 11675. Same; evidence. In cases arising under section 11674, the magistrate or judge hearing the same may receive as evidence the fact that the person charged has no visible lawful means or insufficient lawful means of support, and is commonly about or in houses of prostitution, or in other places mentioned in said section; or that in connection with proof of committing any act forbidden by this chapter, such person is known to the police to be idle, vicious, and one who requires police surveillance."

the defendant knew that the place to which he drove people was the home of a prostitute or a place where a prostitute carries on her business, is defective and cannot sustain a conviction.

"2. That the charge is insufficient to sustain a conviction in that it failed to allege that Barbara Rogers was a prostitute.

"B. That that portion of the Statute requiring the forfeiture of a driver's license, if the defendant is a licensed person, is unconstitutional. Further, even if it were constitutional, that portion of the Statute has been repealed by Act 234, Chapter 83, Session Laws of Hawaii, 1937."

The statute does not expressly require that the acts condemned should be done "knowingly" but the context of the statute and the use of the words "lead, conduct and drive" imply the necessity of prior knowledge on the part of the defendant of the character of the place to which he leads, conducts or drives another. The statute is directed against soliciting to unlawful sexual intercourse, either directly or indirectly. The prohibition against solicitation is in general terms. But the statute also descends to particulars and condemns as public offenses divers means by which solicitation to unlawful intercourse might be effected, including leading, conducting or driving a person to a place where a prostitute resides or carries on her business. The words "lead, conduct and drive" import an objective. An objective to which one leads, conducts or drives another connotes prior knowledge of its attributes. Hence it is that knowledge of the character of the place to which a person leads, conducts or drives another is an essential ingredient of the offense and must be alleged and proved.

By the same token, however, knowledge on the part of the defendant of the character of the place to which he led,

conducted or drove another may be alleged inferentially as well as directly. If, as we hold, the words "lead, conduct and drive" import prior knowledge on the part of the defendant of the character of the place, such knowledge may be inferred in the mere use of those terms. An essential ingredient of an offense may be alleged inferentially as well as directly and when so alleged is sufficient.[2] Where the words of a statute defining a criminal offense do not include the word "knowingly" or words of similar import but its terms imply that guilty knowledge is a necessary ingredient of the offense, a complaint in the words of the statute inferentially alleges guilty knowledge and is sufficient.

On the other hand, the absence from the complaint of an allegation that Barbara Rogers was a prostitute, if a defect, was a mere defect of form. The complaint describes the place in the words of the statute as one "where a prostitute resides and carries on her business" and employs the additional meaningless phrase "of one Barbara Rogers." Barbara Rogers may have owned the place and not occupied it and if a prostitute might have carried on her business elsewhere. Even if the complaint also alleged that Barbara Rogers was a prostitute, the uncertainty of the identity of the prostitute who resided in the place and carried on her business remained. Barbara Rogers, even if allegedly a prostitute, was not necessarily the prostitute that resided and carried on her business at that place. Even so, if the defendant desired further information of the absence of which he now complains, he should have taken the necessary steps to insure its receipt.

Revised Laws of Hawaii 1945, section 10819, which is applicable by analogy to criminal complaints for misde-

---

[2] Stutsman v. City of Cheyenne, 18 Wyo. 491, 113 Pac. 321; State v. Barker, 43 Wash. 69, 86 Pac. 387; Price v. United States, 165 U. S. 311.

meanors,[3] requires that "Every objection to any indictment for any defect apparent on the face thereof, shall be taken by demurrer or motion to quash the indictment before the accused has pleaded and not afterwards." This the defendant failed to do. The defect, if any, was apparent on the face of the complaint. The objection to the sufficiency of the complaint was interposed for the first time upon the trial by way of objection to the admission of evidence on the prosecution's case in chief and was confined to the ground of absence of allegation of knowledge. Under the circumstances, the defendant must be taken as having waived the informality of the complaint.[4]

The specifications of error to the provision of the statute in respect to the forfeiture of a driver's license were not assigned as errors and cannot be considered. In none of the fourteen assignments of error filed with the application for a writ of error was the constitutionality of the penalty of forfeiture or the inclusion of the penalty of forfeiture of the defendant's license in the judgment assigned as error. Plaintiff in error argues that by the twelfth assignment of error both objections are raised. The twelfth assignment is as follows: "That the Court erred in imposing sentence on the plaintiff-in-error under the charge laid and set forth in the committal papers." In our opinion this assignment was too general to be considered[5] and was insufficient upon which to predicate the specifications of error urged.

Rule 3 (1) of this court requires that the opening brief of appellant contain a specification of the errors relied upon. Upon writ of error the only errors that can be relied upon are those assigned conformably to the provi-

---

3 Rep. Haw. v. Kanalo, 11 Haw. 435.
4 Rep. Haw. v. Kanalo, supra; Territory v. Armstrong, 22 Haw. 526.
5 Watumull v. Tax Commissioner, 34 Haw. 84.

sions of Revised Laws of Hawaii 1945, section 9558. The specification of errors is confined to the errors assigned and in the absence of a proper assignment of error there is nothing upon which a specification of error may be alleged. The scope of review may not be enlarged by the specification of errors not assigned.[6]

Judgment affirmed.

*S. Landau* (*F. Patterson* with him on the briefs) for plaintiff in error.

*Moon Chan*, Assistant Public Prosecutor, for the Territory.

---

[6] Pattis v. United States, 17 F. (2d) 562, *cert. denied*, 274 U. S. 250.