## TERRITORY OF HAWAII *v.* WILLIE BROWN.

## NO. 2858.

Argued June 4, 1952.　　　Decided October 29, 1952.

Towse, C. J., Le Baron and Stainback, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

The plaintiff in error was charged and convicted for violation of section 11674 of the Revised Laws of Hawaii 1945, as amended.

The amended charged read in part: "That Willie Brown * * * did drive one Donald E. Anderson * * * from Maunakea and Queen Streets in Honolulu, City and County of Honolulu aforesaid, to 3811 Leahi Avenue in Honolulu, City and County of Honolulu, for the purpose of having unlawful sexual intercourse with a female person for lawful money of the United States of America, contrary to Section 11674, Revised Laws of Hawaii 1945, as amended by Act 26, Session Laws of Hawaii 1949."

The material facts established at trial were that one Anderson, while walking makai on Maunakea street, was

approached by an individual later identified as Lester McCoy, and, after a conversation with him continued toward Queen street with three other persons and McCoy. In the vicinity of Maunakea and Queen streets the group was met by a car driven by the defendant. It was not directly established that the meeting was prearranged. The only other occupant of the car was a woman, Casey Johnson, seated in the front seat. All of the group except McCoy entered the car. Brown then proceeded to drive directly to Leahi street in the Kaimuki section. During the drive Anderson inquired of the price, and Brown informed him "Ten and two." Upon arrival at a house on Leahi street, the group entered the premises and Brown led them to a dwelling in the rear. Following a short wait, Anderson entered a room, the testimony establishing that he therein engaged in sexual intercourse with Casey Johnson and paid her the sum of ten dollars. After waiting in another room, Anderson's departure being delayed because Brown told him that they were having trouble with neighbors, Brown drove the group back to town.

Nine errors are assigned. These have been consolidated in two specifications. The first that instruction number 1, was not supported by any evidence adduced, and that it did not properly apply the evidence to the charge. The second alleges that the trial court imposed an illegal sentence.

The trial court's instruction number 1 was a general reiteration of section 11674 of the Revised Laws of Hawaii 1945:

"The Court instructs the jury that Section 11674, Revised Laws of Hawaii, 1945, as amended, reads in part as follows: 'Sec. 11674. Soliciting. Any person who shall offer, or offer to secure, another for the purpose of prostitution or for any other lewd or indecent act; or who

shall in any manner solicit, induce, entice or procure another to commit an act of lewdness, assignation or prostitution with a prostitute or any other person, or to attend at any place where immoral dances, plays or any indecent entertainment is being given, or to go to or attend at any place where a prostitute resides or carries on her business, or where prostitutes are generally known to congregate and assemble; or who shall exhibit any writing, sign, character or in any other manner indicate and advertise the business or calling of a prostitute, or do any other thing tending to allure and tempt another to go to or attend at any of the places in this section or in section 11675 indicated, or shall lead, conduct or drive any person to such place, or act as guide or conductor for that purpose, or for any of the purposes herein specified; . . . shall be deemed guilty of a misdemeanor . . . .' "

Plaintiff in error contends that the instruction is erroneous and prejudicial, first, in that it does not apply the law to the evidence adduced; and second, that there is a fatal variance between the charge and the instruction and hence between the charge and the statute.

The record bears no objection to the charge by the plaintiff in error in the court below. Section 10819 of the Revised Laws of Hawaii 1945, provides in part: "Every objection to any indictment for any defect apparent on the face thereof, shall be taken by demurrer or motion to quash the indictment before the accused has pleaded and not afterwards; * * *." Its provisions apply to complaints as well as to indictments. (*Territory* v. *Santana,* 37 Haw. 586.)

Plaintiff in error now for the first time attacks the sufficiency of the charge by way of general objection to instruction number 1 in lieu of raising that objection before plea. He is, however, now precluded from accom-

plishing by indirection that which he failed to do directly. "The defect if any was apparent upon the face of the complaint." (*Territory* v. *Santana, supra* at p. 590.)

The amended charge reads in part: "* * * for the purpose of having unlawful sexual intercourse with a female person for lawful money of the United States of America, contrary to Section 11674, Revised Laws of Hawaii 1945, as amended by Act 26, Session Laws of Hawaii 1949." It defined prostitution as "having unlawful sexual intercourse with a female person for lawful money of the United States of America." The statute designates "for the purpose of prostitution" as one of the enumerated purposes constituting an offense when combined with the act of "conduct or drive any person to such place, or act as guide or conductor for that purpose, or for any of the purposes herein specified; * * *." Prostitution is defined as: "The word 'prostitution' includes the giving or receiving of the body for sexual intercourse for hire or for indiscriminate sexual intercourse with or without hire." (Sess. Laws 1949, Act 26, § 2.) The amended charge while not employing the terms of the statute is nevertheless in our opinion set forth with sufficient clarity. It is settled law that the complaint need not employ the precise terms of the statute to meet the test of sufficiency. (*Rep. Haw.* v. *Ah Cheon,* 10 Haw. 469; Kerr, *Wharton's Criminal Procedure,* 10th ed., vol. I, § 275, p. 314; 27 Am. Jur., Indictments and Informations, § 101.)

The witness Anderson's testimony clearly created circumstances for consideration by the jury upon the issue of whether the premises on Leahi street were a "place where a prostitute * * * carries on her business." Anderson testified that he inquired of the plaintiff in error the price and was advised "Ten and two"; that he also inquired whether there were other women at the house and was advised "one more"; that plaintiff in error volunteered

"if you treat the girls right, they will treat you right"; that the windows in the living room of the house were covered with "O. D." blankets; that he observed two other men enter a room and later emerge at different times; that he entered the room of Casey Johnson, engaged in sexual intercourse with her and paid her ten dollars; and that he was detained from departing by plaintiff in error due to trouble with the neighbors. These facts constituted ample evidence that Casey Johnson was engaged in prostitution at the Leahi street address. The statute prohibits the driving or conducting of a person to a designated place for the purpose of prostitution, and it is uncontradicted that the plaintiff in error drove the car to and from the premises.

The instruction recited the terms of the statute almost in its entirety. The statute embraces numerous acts, any one of which would have constituted the offense in question. Use of a statutory definition in an instruction is not error (*Territory* v. *Joaquin,* 39 Haw. 221) and failure to eliminate unrelated or inapplicable portions of the definition of an offense in an instruction is not grounds for reversal where no prejudice results. (*Cahill* v. *People,* 111 Colo. 29, 137 P. [2d] 673; *Ferguson* v. *State,* 52 Neb. 432, 72 N. W. 590; *People* v. *Moshiek,* 323 Ill. 11, 153 N. E. 720; *State* v. *Siddoway,* 61 Utah 189, 211 Pac. 968; *Lee* v. *State,* 16 Ariz. 291, 145 Pac. 244.) In our opinion the plaintiff in error has failed to show prejudice resulting from the instruction given. Ample evidence, sufficient of which is stated above, warranted the giving of instruction number 1.

Upon the second specification, section 11674 of the Revised Laws of Hawaii 1945, under which the defendant was charged and convicted, provides a penalty of: "* * * shall be fined not more than five hundred dollars, or be imprisoned not over one year * * *." Plaintiff in error

was sentenced to pay a fine of $250 and to be confined to the City and County jail for a period of six months, three months of said confinement being suspended for thirteen months conditioned upon good behavior.

Penalty clauses of criminal statutes employing the term "or" indicate alternative punishments, only one of which may be lawfully imposed. (See 15 Am. Jur., Crim. Law, §§ 459, 474, for collection of authorities.) In *In re Dixon,* 26 Haw. 363, 366, 367, this court held: "A sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and the offense and only void as to the excess when such excess is separable and may be dealt with without disturbing the valid portion of the sentence. In other words, the sentence is erroneous and voidable, but not void, and is subject to review upon exceptions or writ of error * * *. * * * Where the sentence is void, not only has the court the power but it is its duty to enter a valid sentence."

The sentence imposed was an illegal sentence, and although this court may alter, modify or increase the sentence imposed where, as here, it is illegal, it may also remand the cause for resentencing. (R. L. H. 1945, § 9564.)

The sentence of the trial court is vacated, and the cause remanded to the circuit court with instruction to impose a new sentence within the limits of section 11674 of the Revised Laws of Hawaii 1945, as amended.

*Y. Fukushima* (*Y. Fukushima* and *G. Nakamura* on opening brief; *Y. Fukushima* on reply) for plaintiff in error.

*R. E. St. Sure,* Assistant Public Prosecutor (also on the brief), for defendant in error.