## THE TERRITORY OF HAWAII v. ANTONIO TACUBAN.

### NO. 2914.

ARGUED JANUARY 16, 1953.                    DECIDED JUNE 2, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Appellant was convicted of violation of section 11343 of the Revised Laws of Hawaii 1945 for participation in a gambling game.

Exceptions to this court raise two issues: First, whether the complaining witness having allegedly been enticed into the game, and his testimony convicting the appellant being uncorroborated, such evidence is sufficient to sustain the conviction under section 10618 of the Revised Laws of Hawaii 1945; second, whether the complaint states an offense under section 11343 of the Revised Laws of Hawaii 1945.

The material portions of the complaint charge that appellant: "* * * did participate in a certain gambling game, known as Monte, wherein lawful U. S. Money was

won and lost in violation of Sec. 11343 RLH/45".

It was established at trial that appellant and one Pete, who was not further identified, called for the complaining witness at his home, the trio then proceeding to the appellant's home. Shortly thereafter one William Lee and another unidentified individual arrived. Lee was carrying a bag allegedly containing $14,000 in currency and he and appellant commenced playing monte. Appellant inquired of the complaining witness who was observing the game: "* * * Do you want to play a game? I will give you money to play." The offer to participate was declined. The evidence establishes however, that appellant handed the complainant a twenty dollar bill with which he made a wager and won; but Lee, who had allegedly wagered the entire contents of the bag, refused to pay asserting that his wager had not been properly covered. Appellant and Pete then took the complainant into an adjoining room where they urged him to withdraw funds from his savings account to cover Lee's wager. The complaining witness consented, and was driven to the bank where he withdrew $5,000. While returning, appellant requested the money, the complainant handing him the entire amount. On returning appellant displayed the $5,000 to Lee and offered to cover the disputed wager. Lee demurred that it was "too late" to meet the original wager and refused to pay. A second game of monte was then commenced with appellant as dealer. The complaining witness lost his entire $5,000 on the first wager to Lee, who immediately collected the sum and placed it in "the bag."

At trial the complainant was the sole witness on behalf of the Territory. It is contended that since he was instigated by appellant to participate in the *second game,* his uncorroborated testimony was insufficient to support the conviction.

Chapter 223 of the Revised Laws of Hawaii 1945 is entitled "Attempts and Instigations." Section 10618 thereof relating to the quantum of proof provides: "No person shall be convicted of instigating another to an offense on the mere testimony of the party professing to have been so instigated, not corroborated by other evidence direct or circumstantial, except in cases where it is expressly otherwise provided." Section 11343 of the Revised Laws of Hawaii 1945 under which the appellant was convicted, is a portion of Chapter 262 of the Revised Laws of Hawaii 1945 relating to certain gaming offenses. As noted, section 10618 of the Revised Laws of Hawaii 1945 relates solely to the quantum of proof applicable to the offense of instigation. There is no reference throughout Chapter 262 entitled "Gambling, Lottery, Etc." to any such standard of proof required to support a conviction of any of the offenses enumerated thereunder.

In *Rep. of Haw.* vs. *Oishi et al.*, 9 Haw. 641, this court recognized the offense of instigation as a separate and distinct one in deciding that dismissal of a charge of instigation did not bar a subsequent charge against the same accused as an accessory before the fact to the crime allegedly instigated by him.

Section 10616 of the Revised Laws of Hawaii 1945 provides: "The instigation is merged in the offense committed in pursuance thereof, when the offense is committed in such a manner that the instigator is guilty thereof, by reason of his being an accessory before the fact or otherwise." It is contended that the section requires that where one instigates an offense and then participates in it to a degree that it is consummated, the instigation is thereby merged in the offense committed, and that the quantum of proof required to support a conviction of the instigation thereby becomes the same as that required to convict of

the offense itself.

Section 10616 mandates merger. However, it merges nothing more than the specific instigation into the offense committed. Merging of the instigation with the offense in no manner affects the quantum of proof required to support a conviction of the specific offense. To recognize appellant's contention that the quantum of proof required to convict one of the offense of instigation is also transferred to the offense committed would accord a cloak of statutory immunity to an instigator in relation to those upon whom he practices such instigation. It would enable an instigator to escape conviction for an offense instigated in situations wherein the sole witnesses to the offense were also the persons instigated.

Section 10618 was originally enacted as a portion of the Penal Code of 1869. No legislative history is available in aid of its interpretation. It has been regularly re-enacted since that date without amendment.

We view the section as having been originally enacted in recognition of a divergent quantum of proof required for the conviction of those accused of the offense of instigation, and to extend its application to any other offense would constitute judicial legislation.

Appellant contends that the charge: "That Antonio Tacuban at Honolulu, City and County of Honolulu, T. H., on or about May 27, 1950 did participate in a certain gambling game, known as Monte, wherein lawful U. S. Money was won and lost in violation of Sec. 11343 RLH-/45", fails to state an offense under that section. The material portions of section 11343 of the Revised Laws of Hawaii 1945 provide: "Every person who deals, plays, or carries on * * * any game of * * * monte * * * for money * * * is guilty of a misdemeanor."

We have repeatedly held that a defendant who is de-

sirous of challenging the meaning or sufficiency of a charge must do so in the trial court. (R. L. H. 1945, §10819.) Having failed to do so, appellant is deemed to have waived all such objections, and is foreclosed from raising that issue for the first time on appeal. (*Territory* v. *Santana*, 37 Haw. 586; *Territory* v. *Brown*, 39 Haw. 568.) Appellant contends, however, that scienter is not alleged, and that the defect, being one of substance, may be raised at any stage of the proceeding.

The complaint charges in part: "* * * did participate in a certain gambling game, known as Monte * * *." "It is settled law that the complaint need not employ the precise terms of the statute to meet the test of sufficiency [and authorities cited]." (*Territory* v. *Brown, supra,* p. 571.) The sole term of the complaint warranting interpretation is "participate." "The word 'participate' is derived from two Latin words, 'pars,' meaning part, and 'cupio,' meaning to take; and hence it means to take part, to share in common with others." (*Reardon* v. *State*, 4 Tex. Cr. R. 602.)

An allegation of participation or taking part in a gambling game connotes guilty knowledge, and inferentially alleges scienter. "An essential ingredient of an offense may be alleged inferentially as well as directly and when so alleged is sufficient [and authorities cited]." (*Territory* v. *Santana, supra,* p. 589.) The inferential allegation created by the charge: "* * * did participate in a certain gambling game, known as Monte * * *" is sufficient under the rule pronounced in the *Santana* case *supra*.

Judgment affirmed.

*E. J. Botts* (also on the briefs) for appellant.

*H. W. C. Wong*, Assistant Public Prosecutor (also on the brief), for appellee.