STATE OF HAWAII, Plaintiff-Appellant, *v.* PAUL JOHN McDOWELL, Defendant-Appellee

NO. 8778

(CRIMINAL NO. 55968)

DECEMBER 2, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order dismissing an indictment pursuant to § 134-8, HRS, for possession of a sawed-off rifle. We reverse.

Originally, there were three counts to the indictment. After trial, the jury was unable to agree on a verdict with respect to any of the three counts. On appellee's motion on October 14, 1981, Counts I and II were dismissed by the court and a mistrial declared as to the count here involved, Count III.

On April 15, 1982, the State moved to set that count for retrial. On May 5, 1982, the court entered an order granting the State's motion and setting the trial for June 28, 1982. On June 4, 1982, appellee moved to dismiss the count for failure to state an offense. That motion was heard and orally granted on June 18, 1982. On July 1, 1982, a written order granting the motion to dismiss was entered. From that order, this appeal was taken.

It is apparent from appellee's motion, the transcript of the hearing, and the written order that the trial judge granted the motion because the indictment failed to state that appellee knowingly possessed the weapon in question.

After the court had orally so ruled, appellee's counsel stated:

Your Honor, that would be without prejudice or with prejudice?

I would ask it be with prejudice in that the time period has expired.

The court subsequently stated that the order would with prejudice.

As to the contention that the indictment was defective, we follow *State v. Kane,* 3 Haw. App. 450, 652 P.2d 642 (1982), and hold that it was not. It is true that in *Kane* the indictment was under § 134-9, HRS, that is carrying a firearm on the person without a permit. We, however, see no difference between the two statutes. Both are general intent crimes and neither section specifies the requisite general intent to prove the crime. Hence, under § 806-28, HRS, a particularized allegation of the general intent in the indictment is not required.

In appellee's brief, he urges that there is a constitutional requirement for such an allegation in this situation. We see no merit in that contention. The indictment drawn fully informed him of the charges against him. Accordingly, we hold that the court below erred in holding that the indictment was insufficient.

Appellee contends, however, that since there was no trial within six months from the mistrial, he was entitled to a dismissal under HRPP Rule 48(b)(3) and therefore a dismissal with prejudice was appropriate in the circumstances.

The difficulty with this position is that Rule 48(b), by its terms, can be invoked only by a motion to dismiss made by the defendant. The written motion to dismiss was not upon the ground that the time limitations imposed by Rule 48(b) had been violated. An examination of the transcript of the June 18th hearing does not reveal any oral motion to dismiss based on Rule 48(b). The matter of the six-month delay came up only in connection with appellee's counsel's request that the dismissal be with prejudice. No motion, written or oral, to dismiss on the ground of a violation of Rule 48(b), HRPP, was ever made by the appellee. Accordingly, the dismissal with prejudice cannot be sustained on the basis of that rule.

Moreover, since appellee did not, in his written motion, contend that Rule 48(b), HRPP, had been violated, there was no occasion for the State to try to establish, on the record, that there were excludable periods of time under Rule 48(c), HRPP. We note that counsel for the State, in the course of the discussion on the matter, claimed that there had been two attempts prior to April 15, 1982 (and thus presumably within the six-month period) to obtain a trial setting from the court. While this is merely a statement unsubstantiated by any showing thereof, the lack of substantiation is attributable to appellee's failure to move for a dismissal under Rule 48(b), HRPP, rather than to any neglect on the part of the State.

We therefore reverse the order appealed from and remand for further proceedings not inconsistent with this opinion.

*Ann M. Ogata* (*Alexandra Kaan* on the opening brief), Deputy Prosecuting Attorneys, for appellant.

*Loralyn Cramer* (*Reginald M. Sealey* on the brief), Deputy Public Defenders, for appellee.