(138 P.3d 793)

No. 94,953

STATE OF KANSAS, *Appellant*, v. BRIAN M. COLLINS, *Appellee*.

—

Opinion filed July 28, 2006.

*Heather R. Jones*, county attorney, for appellant.

*R. Scott Ryburn*, of Anderson & Byrd, LLP, of Ottawa, for appellee.

Before McANANY, P.J., MALONE and CAPLINGER, JJ.

McANANY, J.: Brian M. Collins was tried for involuntary manslaughter while driving under the influence of alcohol. He was convicted of the lesser included offense of driving under the influence of alcohol. The State now appeals, claiming the trial court erred in instructing the jury on proximate cause. We affirm.

After several hours of drinking, Collins and his passenger left a bar at 2 a.m. on August 17, 2003, in his pickup truck. He followed behind a motorcycle driven by his friend Jesse Winsky. Robyn Curtis was riding on the motorcycle with Winsky. When the motorcycle pulled ahead and out of sight, Collins sped up to catch it. Collins' passenger testified that when Collins next saw the motorcycle, it was parked in the roadway with Curtis still seated on board. Winsky had gotten off to urinate nearby. Collins' passenger yelled at Collins

to stop. Collins attempted to stop the truck but hit the motorcycle and Curtis was killed.

Collins was charged with involuntary manslaughter while driving under the influence of alcohol. At trial, Collins called an accident reconstruction expert who testified that the accident would have occurred even if Collins had not been intoxicated. In arriving at this opinion, the witness considered the truck's braking ability; the placement of the motorcycle in the road; its location just beyond a curve in the road; the time of the accident; the reaction time of a normal, unimpaired driver; and the stopping distance for the truck being driven at Collins' speed of 55 miles per hour at the time. Over the State's objection, the court instructed the jury:

"The defendant is charged with the crime of involuntary manslaughter while driving under the influence of alcohol. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant unintentionally killed Robyn Curtis;

"2. That it was done in the commission of the act of operating any vehicle in this state,

(a) While under the influence of alcohol to a degree that rendered him incapable of safely driving a vehicle; and/or

(b) While having an alcohol concentration in his blood of .08 or more as measured within two hours of the time of operating or attempting to operate the vehicle;

"The phrase 'alcohol concentration' means the number of grams of alcohol per 100 milliliters of blood.

"3. That the death of Robyn Curtis occurred on the 17th day of August, 2003, as a proximate result of the operation of a vehicle by Brian Collins while under the influence of alcohol;

"4. That the proximate cause or legal cause of death of Robyn Curtis is that cause which in natural continuous sequence, unbroken by an intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence or result of the defendant's act; and

"5. That this act occurred on or about the 17th day of August, 2003, in Franklin County, Kansas."

The jury found Collins guilty of the lesser included offense of driving under the influence of alcohol. The State appeals upon a question reserved pursuant to K.S.A. 2005 Supp. 22-3602(b)(3).

The State claims that this proximate cause instruction changes the elements of the crime. It argues that whether proximate cause

must be proven for a conviction of involuntary manslaughter while driving under the influence is a matter of statewide importance. The State claims this issue has arisen in several cases in Franklin County in recent years. From this the State extrapolates the likelihood that the issue arises from time to time in other jurisdictions throughout Kansas. Collins concedes this point in oral argument. Because the issue is one of sufficient statewide interest, we will consider the State's claim.

Collins is entitled to an instruction on his theory of the case even if the evidence that supports his defense is slight. See *State v. Bell*, 276 Kan. 785, 792, 80 P.3d 367 (2003).

Relying on *State v. Creamer*, 26 Kan. App. 2d 914, 996 P.2d 339 (2000), the State contends that a proximate cause instruction cannot be used in a case such as this because involuntary manslaughter while driving under the influence of alcohol is a strict liability crime. The State extends the "strict liability" language in *Creamer* beyond its actual holding.

In *Creamer*, the intoxicated defendant used his pickup truck to pull a utility trailer. The trailer detached from the pickup and struck another vehicle, resulting in the death of that vehicle's driver and severe injuries to the pregnant passenger. Creamer was charged with involuntary manslaughter while driving under the influence of alcohol pursuant to K.S.A. 21-3442 and injury to a pregnant woman while driving under the influence of alcohol pursuant to K.S.A. 21-3441(c)(1). Upon conviction, the issue before this court was not an issue of causation, but rather whether conviction under these statutes requires proof of specific criminal intent on the part of the defendant.

The *Creamer* court began its analysis with *City of Wichita v. Hull*, 11 Kan. App. 2d 441, 724 P.2d 699 (1986). The court in *Hull* determined that DUI, under the ordinance and statute at issue, is an absolute liability offense for which intent is not an element. From this, the court in *Creamer* reasoned that when the legislature enacted 21-3442 and 21-3441, it predicated these crimes on the underlying offense of DUI and did so with full knowledge of this court's determination that DUI is a strict liability offense. The court then announced:

"We hold the crimes defined by K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442 are absolute or strict liability crimes. Accordingly, the only proof required is that the individual was engaged in the driving of a motor vehicle while under the influence of alcohol or drugs, as defined by K.S.A. 1998 Supp. 8-1567, and that the death or injuries occurred during the commission of the act of DUI. There is no requirement that the State prove a specific criminal intent." *Creamer*, 26 Kan. App. 2d at 918-19.

This last quoted sentence is most instructive. It points out that these are strict liability crimes in the sense that there is no requirement for specific criminal intent. The court in *Creamer* did not consider the separate issue of causation. It made no note of our Supreme Court's then relatively recent decision in *State v. Chastain*, 265 Kan. 16, 24, 960 P.2d 756 (1998), no doubt in part because *Chastain* dealt with the issue of causation rather than intent.

In *Chastain*, the defendant was charged with involuntary manslaughter pursuant to K.S.A. 21-3404 following a collision at an intersection which resulted in the death of Robert Glenn. The State contended Chastain was under the influence of alcohol and driving at a high rate of speed. Chastain contended that Glenn ran a stop sign at the intersection and that this was the cause of the accident and Glenn's death, not Chastain's conduct or condition.

Generally described, K.S.A. 2005 Supp. 21-3404 defines manslaughter as the unintentional killing of a human being committed recklessly, or in connection with certain described violent crimes, or during the commission of a lawful act in an unlawful manner. The jury was instructed on both involuntary manslaughter and the lesser included offense of vehicular homicide pursuant to K.S.A. 21-3405. This statute defines vehicular homicide, in relevant part, as the unintentional killing of a human being committed by the operation of an automobile in a manner which creates an unreasonable risk of injury to the person or property of another and which constitutes a material deviation from the standard of reasonable care.

During deliberations, the jury in *Chastain* asked the trial court whether the fault of each driver is to be considered when interpreting the phrase "unintentionally killed" in the court's instructions. 265 Kan. at 23. In response, the trial court, in line with *State*

*v. Gordon*, 219 Kan. 643, 653, 549 P.2d 886 (1976), informed the jury that the issue of the decedent's fault was to be considered along with other evidence to determine whether the defendant's conduct was the direct cause of the decedent's death. The jury convicted Chastain of the lesser included offense of driving while under the influence of alcohol.

On appeal, the Supreme Court stated that the rule in *Gordon*, which involved vehicular homicide, applied equally in involuntary manslaughter where an automobile is involved. The rule is:

"While contributory negligence is no defense in a prosecution for a driving offense of involuntary manslaughter or vehicular homicide, it is a circumstance to be considered along with all other evidence to determine whether the defendant's conduct was or was not the proximate cause of the decedent's death. In some instances, a decedent's contributory negligence may have been a substantial factor in his or her death and a superseding cause thereof; it may have intervened between a defendant's conduct and the fatal result so as to be itself the proximate cause." *Chastain*, 265 Kan. 16, Syl. ¶ 7.

The case now before us deals with the crime of involuntary manslaughter while driving under the influence of alcohol. K.S.A. 2005 Supp. 21-3442 defines this crime as the "unintentional killing of a human being committed in the commission of, or attempt to commit, or flight from" the act of driving under the influence of alcohol or drugs. K.S.A. 2005 Supp. 21-3442, now before us, and 21-3404 and 21-3405, which the court considered in *Chastain,* share a common framework. Each defines its crime as "the unintentional killing of a human being" committed under different circumstances. As the court in *Chastain* noted with respect to 21-3404 and 21-3405, these statutes "still require that the conduct of the defendant cause the death of the victim." 265 Kan. at 25. Citing *State v. Betts*, 214 Kan. 271, 278, 519 P.2d 655 (1974), the court noted that while contributory negligence is not a defense in a homicide case, the jury should acquit the defendant if it finds the victim's conduct was the sole cause of the death and the defendant's drinking had nothing to do with it. *Chastain*, 265 Kan. at 24. See also *State v. Woodman*, 12 Kan. App. 2d 110, 735 P.2d 1102 (1987) (reversing conviction for lack of instruction related to defendant's theory of

defense: that victim's death related to his running a stop light, not due to defendant's intoxication).

Based upon the holdings in *Creamer* and *Chastain*, we conclude that while K.S.A. 2005 Supp. 21-3442 defines a strict liability crime in the sense that no showing of specific criminal intent is required, there must be evidence that the conduct of the defendant was the cause of the victim's death. Given the evidence, and Collins' argument, that the sole cause of the accident was Curtis sitting on a stationary motorcycle in the middle of the road at night with no warning for a reasonably prudent, nonintoxicated approaching driver, the district court did not err in instructing the jury on proximate cause.

Nevertheless, the manner in which the court instructed the jury on proximate cause was confusing. Instead of adding paragraphs 3 and 4 to the elements instruction, the trial court should have instructed the jury: "The fault or lack of fault of Robyn Curtis is a circumstance to be considered along with all the other evidence to determine whether the defendant's conduct was or was not the direct cause of Robyn Curtis' death." See *Chastain*, 265 Kan. at 25. Given the evidence of Curtis' fault and consistent with *Chastain*, such an instruction would have been warranted in this case. In a case without this evidence, however, the trial court should use PIK Crim. 3d 56.06-A, without any modification, to instruct the jury on the crime of involuntary manslaughter while driving under the influence of alcohol or drugs.

Affirmed.