NOT DESIGNATED FOR PUBLICATION

No. 121,261

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARAMIS N. HERNANDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed August 7, 2020. Affirmed.

*Michael C. Duma*, of Duma Law Offices, LLC, of Olathe, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Following a jury trial, Aramis Hernandez was convicted of one count of battery of a law enforcement officer, a severity level 7 person felony, and sentenced to 34 months in prison. He now appeals, claiming that the district court erred when it (1) denied his request to add additional language to the jury instructions and (2) conducted a pretrial hearing outside of his presence and temporarily denied his retained attorney's entry of appearance. Finding no error, we affirm.

1

At approximately 4:40 p.m. on July 5, 2016, Officer Peter Kerby, who at the time worked for the Lawrence Police Department, was ending his shift and driving back to the Law Enforcement Center when he observed a white Ford Fusion commit a traffic infraction. Intending to give the driver a warning and then let him go on his way, Officer Kerby initiated a traffic stop and pulled the Fusion over just before the entrance to the Law Enforcement Center on the southbound side of Rhode Island. When he made contact with the driver of the Fusion, Officer Kerby explained the reason for the stop and asked the driver for his identification. The driver refused. Officer Kerby again explained the reason for the stop as well as what documents the driver was obligated to present upon request. The driver continued to be uncooperative and never presented any form of identification to Officer Kerby.

After what Officer Kerby later stated was a considerable amount of time for a traffic stop, he determined that the driver was not going to cooperate and would need to be removed from the vehicle. His plan was to call for back-up, unlock the car door, and remove the driver after the back-up arrived. Immediately after requesting a second unit, Officer Kerby noticed that the driver was talking on a cell phone. Thinking that it would be a good time to make his move while the driver was distracted, Officer Kerby decided to proceed before the second unit arrived. As he did so, Officer Kerby saw the driver's right arm drop down as if to put the vehicle in drive and flee the scene. Officer Kerby reacted by attempting to grab the driver at which point the vehicle accelerated away from the curb at a very high rate of speed. Officer Kerby initially clung to the outside of the driver's door but was soon forced to drop off when then Fusion appeared to be angling towards a bank of parked cars on the northbound side of Rhode Island. Upon doing so, Officer Kerby rolled across the pavement and suffered severe road rash before coming to a rest under the front bumper of one of the parked cars. Meanwhile the Fusion continued

to speed southbound on Rhode Island, ran the stop sign at 12th Street, and eventually disappeared from view.

The driver of the Fusion was later identified as Hernandez. On July 6, 2016, he was charged with one count of aggravated battery against a law enforcement officer, a severity level 3 person felony. Branden Smith was initially appointed to represent Hernandez but was soon forced to withdraw after a situation arose which may have forced Smith to become a witness in Hernandez' case. Hatem Chahine was appointed to replace Smith, but he too withdrew after Robert Eye entered his appearance as private counsel for Hernandez. Eye then filed his own motion to withdraw as counsel on March 27, 2018, citing Hernandez' failure to fulfill material obligations regarding Eye's services. That same day the motion was heard and granted, after which Hernandez informed the district court that he wanted to proceed pro se. Hernandez then made rambling and incomprehensible statements that led the district court to question whether he was competent to represent himself. The district court therefore appointed Michael Clarke as standby counsel and set the matter for a status conference on April 23, 2018.

Prior to the April status conference, Hernandez filed a number of pro se pleadings that were equally rambling and incomprehensible. When the day of the status conference arrived, Hernandez was transported to the courthouse. He refused to be present in the courtroom, stating that he did not "'give consent'" to be there. He was therefore returned to the jail, and the hearing proceeded with Clarke appearing on his behalf. After reviewing the procedural history of the case, the district court, again, expressed concerns about Hernandez' competency to represent himself and asked the parties how they wanted to move forward. Clarke echoed the district court's concerns and requested a week-long continuance to get a competency motion on file. That request was granted, and Clarke filed a motion seeking a competency evaluation on April 27, 2018.

3

At the continued hearing held on May 2, 2018, the district court granted Clarke's motion over Hernandez' objection and ordered that a competency evaluation be performed by Bert Nash Community Mental Health Center. Also on May 2, Kevin Shepherd filed an entry of appearance as attorney of record for Hernandez. The district court initially refused to accept that entry of appearance for two reasons. First was the pending competency evaluation and second was a concern that "Shepherd might be entering the case without an understanding of its history," thereby causing further delay to the already substantially delayed proceedings. When the evaluation declared Hernandez competent, the district court accepted Shepherd's entry of appearance and allowed Clarke to withdraw.

The case finally moved to the preliminary hearing stage on August 10, 2018, after which the complaint was amended to charge Hernandez with simple battery against a law enforcement officer, a severity level 7 person felony. Hernandez pled not guilty, and the case proceeded to trial on December 5, 2017. The State presented evidence from multiple witnesses, including Officer Kerby, and showed dashcam video of the July 5, 2016 incident. Hernandez presented no evidence and instead argued that he did not cause Officer Kerby's injuries because it was Officer Kerby that initiated the contact with the car. In support of that argument, Hernandez requested that additional language be added to the elements instruction defining recklessness and requiring the jury to find that there was evidence showing that his conduct was the cause of Officer Kerby's injuries. That request was denied after the district court found that the additions were legally inappropriate. Following closing argument, the jury deliberated for a short time before finding Hernandez guilty as charged. He timely appealed that conviction.

ANALYSIS

I. *The district court did not err when it denied Hernandez' request for additions to the jury instructions.*

Hernandez first argues that the district court erred when it refused to make the following additions to the elements jury instruction:

> "'One's behavior is only reckless if he or she realizes that his or her conduct creates imminent danger to another person but consciously and unjustifiably disregards the danger. K.S.A. 21-3201(c)(defining reckless conduct).' *State v. Huser*, 265 Kan. 228, 234, 959 P.2d 908, 913 (1998).
>
> "To find . . . battery, 'there must be evidence that the conduct of the defendant was the cause' of Kerby[']s injury. *State v. Collins*, 36 Kan. App. 2d 367, 372, 138 P.3d 793, 797 (2006)."

Hernandez requested that language in addition to the standard language of PIK Crim. 4th 54.320 (which is based on the language of K.S.A. 2016 Supp. 21-5413[c] defining battery against a law enforcement officer) and PIK Crim. 4th 52.010 (which is based on the language of K.S.A. 2016 Supp. 21-5202[j] defining recklessness).

When analyzing jury instruction issues, appellate courts follow a four-step progression:

> "First, it considers the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; next, it applies unlimited review to determine whether the instruction was legally appropriate; then it determines whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and finally, if the district court erred, this court determines whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011) . . . ." *State v. Claerhout*, 310 Kan. 924, 935-36, 453 P.3d 855 (2019).

5

Here, it is undisputed that this issue was properly preserved for appellate review, and we proceed directly to the second step of the analysis to determine whether the requested instruction was legally appropriate. See *State v. Broxton*, 311 Kan. 357, 360-61, 461 P.3d 54 (2020). "A legally appropriate jury instruction '"fairly and accurately state[s] the applicable law, and an instruction that does not do so [is] legally infirm."'"311 Kan. at 361.

As noted above, Hernandez was charged with battery against a law enforcement officer, as defined in K.S.A. 2016 Supp. 21-5413(c)(2)(B), based on the allegation that he recklessly caused bodily harm to Officer Kerby when he drove away from the traffic stop. The district court instructed the jury on the meaning of reckless conduct, consistent with PIK Crim. 4th 52.010 and K.S.A. 2016 Supp. 21-5202(j):

> "'The State must prove that the defendant committed the crime recklessly. A defendant acts recklessly when the defendant consciously disregards a substantial and unjustifiable risk that certain circumstances exist or a result of the defendant's actions will follow. This act by the defendant disregarding the risk must be a gross deviation from the standard of care a reasonable person would use in the same situation.'"

Hernandez now argues that the district court was obligated to give the additional language that he requested because "his theory of defense was that his action of speeding away from the traffic stop was not the proximate cause of Officer Kerby's injuries. Rather, it was Officer Kerby's decision to contact and cling to the vehicle after it was already in motion that caused his injuries." This argument fails for two reasons.

As the State correctly notes, the language defining recklessness, from *State v. Huser*, that Hernandez sought to add to the jury instruction is based on an outdated statute which defined recklessness as "'conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable

6

disregard of that danger.'" 265 Kan. at 233; see K.S.A. 21-3201(c). That definition was overhauled in 2010 when the Legislature amended the culpable mental state statute. See L. 2010, ch. 136, § 13. Under the updated statutory language, which was in effect at the time of the July 5, 2016 incident between Hernandez and Officer Kerby, "[a] person acts 'recklessly' or is 'reckless,' when such person consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2016 Supp. 21-5202(j). As such, the language that Hernandez sought to add did not fairly and accurately state the applicable law and was, therefore, not legally appropriate. See *Broxton*, 311 Kan. at 361.

As the State also correctly notes, the language requiring the jury to make a proximate cause finding that Hernandez requested is based on a misplaced reliance on *State v. Collins*. In *Collins*, the defendant was charged with involuntary manslaughter after he drove under the influence and hit a motorcycle that was stopped in the middle of the road killing the passenger. The *Collins* panel found that, under the facts of that case, the district court did not err when it gave the jury a proximate cause instruction because the question was whether it was the defendant's intoxication or the motorcycle driver's decision to stop in the middle of the road that caused the motorcycle passenger's death. 36 Kan. App. 2d at 372. By contrast, there was no such question in this case. Officer Kerby had a legal right to apprehend Hernandez after he refused to comply with commands during a valid traffic stop. Hernandez had no legal right to speed away from the traffic stop to avoid being taken into custody. See *State v. Reed*, No. 115,030, 2017 WL 1034492, at *4-5 (Kan. App. 2017) (unpublished opinion) (rejecting an identical argument in an almost factually identical case). Hernandez' argument must fail. The district court did not err when it refused to give his requested proximate cause instruction because it was not legally appropriate. See *Broxton*, 311 Kan. at 361; *Reed*, 2017 WL 1034492, at *5.

II. *The district court did not err when it held a pretrial hearing outside of Hernandez' presence and temporarily denied his retained attorney's entry of appearance.*

    A. *Due Process Right to be Present*

Hernandez next argues that the district court violated his due process right to be present at every critical stage of the prosecution when it conducted the April 23, 2018 status conference outside of his presence. Arguments involving "a 'defendant's right to be present at every critical stage of his or her criminal trial raise[s] an issue of law over which this court exercises unlimited review.'" *State v. Wright*, 305 Kan. 1176, 1178, 390 P.3d 899 (2017).

A defendant in a criminal case has both a statutory and a constitutional right to be present at every critical stage of his or her trial. *State v. Verser*, 299 Kan. 776, 788, 326 P.3d 1046 (2014). K.S.A. 2019 Supp. 22-3405(a) provides that a "defendant in a felony case shall be present . . . at every stage of the trial . . . except as otherwise provided by law." Similarly, the Sixth Amendment to the United States Constitution guarantees "that a criminal defendant may be present at every critical stage of his or her trial." *State v. King*, 297 Kan. 955, 968, 305 P.3d 641 (2013). Moreover, that right is personal to each defendant, meaning that "they generally cannot be waived through counsel, unless the defendant and counsel have previously discussed the matter and agreed upon the waiver." *Verser*, 299 Kan. at 788. The right to be present can, however, be waived by the defendant. *State v. Cromwell*, 253 Kan. 495, Syl. ¶ 7, 856 P.2d 1299 (1993) ("[A] defendant's voluntary absence after trial has commenced may be deemed a waiver of the right to be present.").

It is undisputed that Hernandez was not present at the April 23, 2018 status conference because he declined to enter the courtroom. In fact, Hernandez specifically told the courtroom deputies that "he did not want to be at the hearing" and that "[h]e did

not give consent to be [t]here." Those statements constitute a voluntary absence by Hernandez and therefore a waiver of his right to be present at the April status conference. See *Cromwell*, 253 Kan. 495, Syl. ¶ 7. As a result, we find that the district court did not err when it conducted the April status conference without Hernandez.

B. *Ineffective Assistance of Counsel*

Finally, Hernandez argues that he was denied his right to effective assistance of counsel because the district court temporarily refused to accept Shepherd's entry of appearance and also because Clarke argued in favor of a competency evaluation even though he was "fairly certain" that doing so was against Hernandez' wishes.

"To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

It is unnecessary to determine whether Clarke's performance was deficient or whether the district court violated Hernandez' rights by delaying Shepherd's entry of appearance. There is nothing in the record to establish a reasonable probability that the outcome of the trial would have been different but for Clarke's alleged deficient performance or the district court's alleged error. More specifically, there is no evidence to support a finding that Hernandez would have been found not guilty at his trial had the alleged pretrial errors and ineffective assistance of counsel not occurred. See 303 Kan. at 426. Instead, the record indicates that all of the supposed errors occurred well before trial and centered around whether Hernandez was competent to stand trial. Once his competency was established, the case proceeded without further incident and with Shepard representing Hernandez at all subsequent hearings. As a result, there is no reasonable probability that the outcome of the trial would have been different. See 303 Kan. at 426.

Affirmed.