(974 P.2d 1115)
No. 78,567

STATE OF KANSAS, *Appellee*, v. MAURICE L. GILLON, *Appellant*.

Opinion filed January 8, 1999.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., ROYSE and GREEN, JJ.

GREEN, J.: Maurice L. Gillon appeals from his jury conviction of possession of a sawed-off shotgun. On appeal, Gillon argues that the trial court erred in refusing to instruct the jury on the defense of mistake of fact. We disagree and affirm.

Although Gillon testified that he sawed off the barrel to its 15 ⅞ inch length, he maintained that he did not know that the barrel length was under 18 inches. Gillon requested a jury instruction on the defense of ignorance or mistake of fact. Finding the instruction inapplicable, the trial court declined to give the instruction. We must determine whether such an instruction was required under K.S.A. 1996 Supp. 21-4201(a)(7).

K.S.A. 1996 Supp. 21-4201(a)(7) prohibits "knowingly . . . possessing or carrying a shotgun with a barrel less than 18 inches

in length." Interpretation of a statute is a question of law, and an appellate court's review is unlimited. See *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature controls where ascertainable from the statute. Judicial interpretations must be reasonable and sensible to effectuate the legislature's true intent. *State v. Fifer*, 20 Kan. App. 2d 12, 14-15, 881 P.2d 589, *rev. denied* 256 Kan. 996 (1994). In K.S.A. 1996 Supp. 21-4201(a)(7), the adverb "knowingly" modifies the verbs "possessing or carrying." The prepositional phrase "with a barrel less than 18 inches in length" is an adjective modifier, modifying the noun "shotgun." As a result, the adverb "knowingly" does not modify the prepositional phrase. This reasoning is supported by *State v. Swafford*, 20 Kan. App. 2d 563, 890 P.2d 368, *rev. denied* 257 Kan. 1095 (1995).

In *Swafford*, the defendant was convicted of two counts of sale of cocaine within 1,000 feet of a school. On appeal, the defendant argued that the State was required to prove that he knew his illegal drug sales occurred within 1,000 feet of a school. In rejecting this argument, the *Swafford* court stated that "Swafford's knowledge of the proximity of a school is not an essential element of the crime of selling cocaine within 1,000 feet of a school under [K.S.A.] 65-4127a(c)." 20 Kan. App. 2d at 567. Likewise, the same reasoning applies to the present case. Gillon's knowledge of the length of the shotgun's barrel was not an essential element of the crime. To the contrary, Gillon's knowingly possessing the shotgun was the essential element of the crime.

Finally, if the legislature had wanted to require that possessors of sawed-off shotguns know of their weapons' illegal features, K.S.A. 1996 Supp. 21-4201(a)(7) would prohibit "knowingly . . . possessing or carrying a shotgun with a barrel *that the . . . possessor or carrier knows is* less than 18 inches in length." Because the statute was not written this way, the trial court properly refused Gillon's request for an instruction on the defense of ignorance or mistake of fact regarding the barrel's length.

Next, Gillon argues that insufficient evidence existed to support his conviction of possession of a sawed-off shotgun. He argues that the State failed to prove that he knew the gun barrel's length was shorter than 18 inches. When the sufficiency of the evidence is challenged, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Claiborne*, 262 Kan. 416, 425, 940 P.2d 27 (1997).

Gillon's argument is fatally flawed. Because the statute does not require that Gillon know that the shotgun barrel's length was less than 18 inches, his argument fails.

Affirmed.