(996 P.2d 339)
No. 81,410
STATE OF KANSAS, *Appellee,* v. ANTHONY CREAMER, *Appellant.*

Opinion filed January 21, 2000.

*Robert W. Christensen*, of Law Office of Robert W. Christensen, of Medicine Lodge, for the appellant.

*Eric B. Smith*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., BUCHELE, S.J., and CHARLES E. WORDEN, District Judge, assigned.

LEWIS, J.: Defendant Anthony Creamer's problems began one night in 1997 when he was driving his pickup truck and pulling a utility trailer down Highway 56 in Stevens County. The trailer defendant was pulling detached and struck another vehicle, killing the driver and causing such severe injuries to the pregnant passenger that she suffered a miscarriage. During the investigation following the accident, defendant's blood alcohol concentration was found to be .13 within 2 hours of his operation of the vehicle. Defendant was charged with and convicted of involuntary manslaughter while driving under the influence of alcohol, injury to a pregnant woman, and operation of a motor vehicle in violation of K.S.A. 1998 Supp. 8-1567. He was sentenced to a term of 41 months in the custody of the Secretary of Corrections. This is a direct appeal from defendant's convictions.

The facts surrounding defendant's accident have been condensed and are set forth above. These facts are largely irrelevant to the issues on appeal, and we will not undertake a more exhaustive review of the facts unless necessary for an understanding of our opinion.

Defendant first argues his convictions for injuries to a pregnant woman and DUI involuntary manslaughter are not valid. Defendant's argument is based on the fact that the statutes in question,

K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442, do not require proof of a general criminal intent as required by K.S.A. 21-3201.

We do not agree.

To begin with, defendant was convicted by a jury. We are unable to determine whether the jury considered the issue of intent and, if so, to what extent it considered that issue. We cannot determine that fact because the record on appeal does not contain the jury instructions. The fact is, there is no support in the record for defendant's argument that the jury did not find that he had the requisite criminal intent, if such intent is required. "It is an appellant's duty to designate a record on appeal sufficient to establish claimed error; without an adequate record, the appellant's claim of error fails." *Pate v. Riverbend Mobile Home Village, Inc.*, 25 Kan. App. 2d 48, 52, 955 P.2d 1342 (1998).

Despite the lack of the jury instructions in the record, we will consider the issue on its merits. We will do so because the question of whether the crimes in question are absolute liability crimes is apparently an issue of first impression in this state.

The resolution of this issue requires an interpretation of K.S.A. 1998 Supp. 21-3442 and K.S.A. 21-3441. We also must interpret the provisions of the Kansas Criminal Code dealing with intent and strict liability crimes, K.S.A. 21-3201 through K.S.A. 1998 Supp. 21-3204.

"Interpretation of a statute is a question of law, and our review is unlimited. *State v. Robinson*, 261 Kan. 865, 874, 934 P.2d 38 (1997). A fundamental rule of statutory construction is that the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature rather than determine what the law should or should not be. *State v. Proffitt*, 261 Kan. 526, 532, 930 P.2d 1059 (1997)." *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

K.S.A. 21-3201 provides: "*Except as otherwise provided*, a criminal intent is an essential element of every crime defined by this code." (Emphasis added.)

K.S.A. 1998 Supp. 21-3442 provides: "Involuntary manslaughter while driving under the influence of alcohol or drugs is the unintentional killing of a human being committed in the commission

of, or attempt to commit, or flight from an act described in K.S.A. 8-1567 and amendments thereto."

K.S.A. 21-3441 provides:

"(a) Injury to a pregnant woman by vehicle is injury to a pregnant woman by a person other than the pregnant woman in the unlawful operation of a motor vehicle causing the pregnant woman to suffer a miscarriage as a result of that injury.

. . . .

"(c)(1) *Injury to a pregnant woman by vehicle while committing a violation of K.S.A. 8-1567 and amendments thereto is a severity level 5, person felony.*" (Emphasis added.)

Defendant argues that imposition of strict liability in a felony conviction in K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442 directly conflicts with the requirement of K.S.A. 21-3201 of a general criminal intent in every crime, denying defendant his constitutional right to have a jury convict him on all essential elements. The statutes under which defendant was convicted are fairly recent enactments, having been enacted in 1995 and 1996. We conclude that under either a strict liability interpretation or a general intent interpretation of these statutes, defendant's convictions should be affirmed.

We have long held that driving while under the influence of alcohol or drugs is an absolute liability offense. *City of Wichita v. Hull*, 11 Kan. App. 2d 441, 445, 724 P.2d 699 (1986). "An absolute liability offense, unlike most other crimes, does not require any criminal intent. The only proof required to convict an individual of an absolute liability offense is that the individual engaged in the prohibited conduct." *State v. Hopper*, 260 Kan. 66, 70, 917 P.2d 872 (1996). See *State v. Pendleton*, 18 Kan. App. 2d 179, 185, 849 P.2d 143 (1993).

There is no question that the legislature has the authority to create absolute liability crimes. In *State v. Merrifield*, 180 Kan. 267, 269, 303 P.2d 155 (1956), the Supreme Court said:

"The legislature may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer, and where the legislative intention appears, it is incumbent upon the courts to give it effect, although the intent of the doer may have been innocent. The doing of an inhibited act constitutes the crime, and the moral turpitude or purity of motive by which it is

prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt."

If defendant is arguing that his constitutional rights are violated by being convicted of an absolute liability crime under these circumstances, that argument has no merit. The United States Supreme Court has upheld the constitutionality of absolute liability offenses. See *Morissette v. United States*, 342 U.S. 246, 258, 96 L. Ed. 288, 72 S. Ct. 240 (1954).

The legislature, in enacting K.S.A. 1998 Supp. 21-3442, has defined involuntary manslaughter while driving under the influence of alcohol and drugs to be the unintentional killing of a human being committed in the commission of K.S.A. 1998 Supp. 8-1567. In other words, involuntary manslaughter is the unintentional killing of a human being while driving a vehicle while under the influence of drugs or alcohol as described in K.S.A. 1998 Supp. 8-1567. In enacting K.S.A. 21-3441, the legislature has described the crime of injury to a pregnant woman as an injury to a pregnant woman which occurs during the unlawful operation of a motor vehicle when that injury causes the pregnant woman to suffer a miscarriage. K.S.A. 21-3441(c)(1) makes an injury to a pregnant woman by vehicle while committing DUI a severity level 5, person felony. As we read those statutes, proof need only be made that the individual died or the pregnant woman was injured by an accident involving a vehicle driven by the defendant while under the influence of drugs or alcohol as defined by K.S.A. 1998 Supp. 8-1567.

"[T]he legislature is presumed to act with knowledge of relevant judicial decisions." *Junction City Education Ass'n v. U.S.D. No. 475*, 264 Kan. 212, 220, 955 P.2d 1266 (1998). Accordingly, we conclude that when the legislature enacted K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442, it made the commission of the underlying DUI the act required for criminal liability with full knowledge that the courts of this state had determined DUI to be a strict liability offense.

We hold the crimes defined by K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442 are absolute or strict liability crimes. Accordingly,

the only proof required is that the individual was engaged in the driving of a motor vehicle while under the influence of alcohol or drugs, as defined by K.S.A. 1998 Supp. 8-1567, and that the death or injuries occurred during the commission of the act of DUI. There is no requirement that the State prove a specific criminal intent.

Defendant argues that if the crimes in question are strict liability crimes, then they conflict with the provisions of K.S.A. 21-3201 through K.S.A. 1998 Supp. 21-3204. We do not agree.

Kansas has always followed the contemporary view, which does not favor strict liability offenses. *State v. Lewis*, 263 Kan. at 857-58. In *Lewis*, the Supreme Court discussed the statutory exception to the general criminal intent requirements of K.S.A. 21-3201, which is found in K.S.A. 1998 Supp. 21-3204, and concluded that "[t]he legislature, in adopting the Kansas Criminal Code in 1969, limited the public welfare doctrine as an exception to intent to those offenses which are (1) misdemeanors or traffic infractions and (2) clearly indicate a legislative purpose to impose absolute liability for the conduct described." 263 Kan. at 857.

K.S.A. 1998 Supp. 21-3204 is not an exclusive exception to the general intent requirements and does not control in this case. The court in *Lewis*, 263 Kan. 843, Syl. ¶ 4, states:

> "*Except as otherwise provided*, a criminal intent is an essential element of every crime defined by the Kansas Criminal Code. The criminal intent requirement found in the Kansas Criminal Code applies to crimes created by a statute not contained within the Kansas Criminal Code unless the statute creating the crime expressly states otherwise, or the context of the statute otherwise requires." (Emphasis added.)

This is the same language used in K.S.A. 21-3201, which requires a criminal intent "except as otherwise provided."

We conclude the two statutes involved in this action fall within the otherwise provided language insofar as the requirement of criminal intent is concerned. The fundamental rule of statutory construction is that the purpose and intent of the legislature controls when applicable from the statute. *State v. Gillon*, 25 Kan. App. 2d 809, Syl. ¶ 1, 974 P.2d 1115 (1999). When a conflict exists between a general and specific statute, the specific controls unless

it appears the legislature intended to make the general act controlling. Likewise, when a conflict exists, the most recent enactment controls. In this case, K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442 are the most recent enactments and expressions of legislative intent. This being the case, any conflict must be resolved in favor of these statutes. Since we interpret those statutes as imposing absolute liability, we conclude the legislature intended it to be that way.

However, if one needs to find intent, it can be found. When no intent can be found within a statute, the provisions of K.S.A. 21-3201 as to criminal intent applies. *State v. Farris*, 218 Kan. 136, 141, 542 P.2d 725 (1975). "[I]ntent may be established by proof that the conduct of the accused person was willful or wanton." *State v. Thompson*, 237 Kan. 562, 567, 701 P.2d 694 (1985).

This concept can be illustrated by the statutes dealing with the crime formerly known as statutory rape. In *State v. Isley*, 262 Kan. 281, 936 P.2d 275 (1997), the Supreme Court upheld a conviction for aggravated indecent liberties with a child. Defendant argued that intent was "an essential element of the charge of aggravated indecent liberties and the failure to instruct denied him of due process of law." 262 Kan. at 290. The Supreme Court responded to that and said:

"To be found guilty of aggravated indecent liberties with a child, as defined in K.S.A. 21-3504(a)(1), the State must only show that the defendant had sexual intercourse with the victims at a time when both victims were 14 or more years of age, but less than 16 years of age." 262 Kan. at 291-92.

The court reasoned that "[t]he statute only requires proof that the defendant had sexual intercourse with the victims," a general intent crime. 262 Kan. at 292. "The only proof required for general criminal intent is that the defendant's conduct consist of a willful or wanton act." 262 Kan. at 292.

The action of driving a motor vehicle while under the influence of drugs or alcohol is a willful act and is sufficient to satisfy any general intent requirements of K.S.A. 21-3201.

In essence, although we hold the crimes involved in this case to be absolute liability crimes, defendant's convictions can also be

affirmed under a general intent interpretation of these statutes to the effect that defendant's act of DUI was a willful act and satisfies the requirement of general intent.

Defendant next argues that K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442 are unconstitutionally vague and indefinite. This argument is without merit.

"The constitutionality of a statute is a question of law over which this court exercises unlimited review." *State v. Wilson*, 267 Kan. 550, 555, 987 P.2d 1060 (1999).

"A statute is presumed constitutional and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. A statute must clearly violate the constitution before it may be struck down. This court not only has the authority, but also the duty, to construe a statute in such a manner that it is constitutional if the same can be done within the apparent intent of the legislature in passing the statute." *Peden v. Kansas Dept. of Revenue*, 261 Kan. 239, Syl. ¶ 2, 930 P.2d 1 (1996), *cert. denied* 520 U.S. 1229 (1997).

" 'The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process.' [*State v. Kirby*, 222 Kan. 1, Syl ¶ 1, 563 P.2d 408 (1977).]" *Wilson*, 267 Kan. at 555.

Defendant seems to argue that the fact that these are absolute liability offenses somehow makes them vague and indefinite. The mere absence of a mental state does not make a statute vague. See *State v. Carr*, 265 Kan. 608, 615, 963 P.2d 421 (1998). The test remains the same: Does the " 'language [convey] a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice[?]' " *Wilson*, 267 Kan. at 555 (quoting *Kirby*, 222 Kan. 1, Syl. ¶ 1).

K.S.A. 21-3441 warns against unlawfully operating a motor vehicle including driving under the influence, in a manner which injures a pregnant woman, causing the pregnant woman to suffer a miscarriage. The statute is not vague or indefinite. Anyone who

can read the English language will understand the conduct proscribed by that statute.

K.S.A. 1998 Supp. 21-3442 warns against unintentionally killing someone while driving under the influence. Again, there is nothing vague or indefinite about the statute, and the language conveys a sufficient warning as to the conduct proscribed.

Defendant's arguments are without merit.

Finally, defendant argues that K.S.A. 21-3405 prohibits the same type of acts covered under K.S.A. 21-3441 and K.S.A. 1998 Supp. 21-3442. He argues such duplicitous statutes violate constitutional safeguards. We do not agree.

Duplicity is the charging of two separate and distinct offenses in a single count. *State v. Anthony*, 257 Kan. 1003, 1020, 898 P.2d 1109 (1995). That is not the case in the instant matter.

The key to resolving defendant's argument is the distinction between a general and a specific statute.

A general law is one in which a statute relates to persons or things as a class; in contrast, a specific statute is one which relates to particular persons or things. *State v. Williams*, 250 Kan. 730, 736, 829 P.2d 892 (1992). "When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless the legislature intended to make the general act controlling." *State v. Kraushaar*, 264 Kan. 667, 671, 957 P.2d 1106 (1998). The State is required to charge under the specific offense. See *Carmichael v. State*, 255 Kan. 10, 15, 872 P.2d 240 (1994). We agree that the elements of the crime defined by K.S.A. 21-3405 are similar to the elements defined by 21-3441 and 21-3442. However, the latter two statutes are much more specific than 21-3405. K.S.A. 21-3441 requires that the act, injury by motor vehicle while under the influence, be committed on a pregnant woman. The pregnant woman is a specific subclass of "human beings." Similarly, K.S.A. 1998 Supp. 21-3442 requires that the unintentional killing be committed during the commission of an act described in 8-1567. This is a specific type of risk. It is clear that in enacting these two statutes, the legislature intended to establish certain offenses applicable only when an individual commits the act for violating K.S.A.

1998 Supp. 8-1567. See *Williams*, 250 Kan. at 736-37 (finding that when the legislature enacts a more specific statute, a defendant must be charged under it). The State correctly charged defendant with the more specific crimes defined by the two statutes involved in this opinion.

Affirmed.