IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,240

STATE OF KANSAS,
*Appellee*,

v.

DYLAN MONTELL THOMAS,
*Appellant*.

SYLLABUS BY THE COURT

1.

A jury instruction correctly states the law when it mirrors the appropriate criminal statute.

2.

Strict liability crimes—that is, crimes with no culpable mental state—are not per se unconstitutional.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 23, 2019. Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed June 18, 2021. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Daniel G. Obermeier*, assistant district attorney, argued the cause, and *Lois Malin*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.: Dylan Montell Thomas appealed his convictions for rape, criminal threat, sexual battery, and battery. After the Court of Appeals affirmed those convictions, we granted review of one issue. Thomas claims the Kansas rape statute—and hence the jury instruction which mirrored the statute—effectively renders rape a strict liability crime in Kansas. Specifically, Thomas focuses on the language from the jury instructions that "[i]t is not a defense that the defendant did not know or have reason to know that U.A. did not consent to the sexual intercourse or was overcome by force or fear." See K.S.A. 2020 Supp. 21-5503(e) ("[I]t shall not be a defense that the offender did not know or have reason to know that the victim did not consent to the sexual intercourse, that the victim was overcome by force or fear, or that the victim was unconscious or physically powerless."). But even if Thomas is correct that rape is essentially a strict liability crime, he fails to convince us that this would violate his due process rights. As such, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of Thomas' crimes are adequately recited in the Court of Appeals opinion below. Because they are not relevant to the issues before us, we need not repeat them in detail. In summary, Thomas broke into U.A.'s apartment and raped her. At trial, Thomas' defense was that the sex was consensual. The jury convicted Thomas of rape, criminal threat, sexual battery, and battery and acquitted him of aggravated criminal sodomy and aggravated burglary. He received a controlling 620-month imprisonment term and appealed to the Court of Appeals.

Before the panel, Thomas claimed numerous errors, but the Court of Appeals disagreed and affirmed his convictions. *State v. Thomas*, No. 119,240, 2019 WL 3977820

(Kan. App. 2019) (unpublished opinion). We granted review of a single issue—whether the district court's jury instruction mirroring the statute rendered rape a strict liability crime in violation of due process.

DISCUSSION

Instruction No. 5 at Thomas' trial read:

"The defendant is charged in count I with rape. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1.   The defendant knowingly engaged in sexual intercourse with U.A.
"2.   U.A. did not consent to sexual intercourse.
"3.   The sexual intercourse occurred under circumstances when U.A. was overcome by force or fear.
"4.   This act occurred on or about the 7th day of March, 2016, in Wyandotte County, Kansas.

"As used in the instruction, 'sexual intercourse' means any penetration of the female sex organ by the male sex organ. Any, penetration, however slight, is sufficient to constitute sexual intercourse.

"It is not a defense that the defendant did not know or have reason to know that U.A. did not consent to the sexual intercourse or was overcome by force or fear.

"The State must prove that the defendant committed element #1 of the crime knowingly.

"A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about."

The portion of the instruction Thomas objects to mirrors Kansas' rape statute:

"(a) Rape is:

(1) Knowingly engaging in sexual intercourse with a victim who does not consent to the sexual intercourse under any of the following circumstances:

(A) When the victim is overcome by force or fear; []

. . . .

"(e) Except as provided in subsection (a)(2), it shall not be a defense that the offender did not know or have reason to know that the victim did not consent to the sexual intercourse, that the victim was overcome by force or fear, or that the victim was unconscious or physically powerless." K.S.A. 2020 Supp. 21-5503(a)(1)(A), (e).

See PIK Crim. 4th 55.030.

Before the Court of Appeals, Thomas argued K.S.A. 2020 Supp. 21-5503(e) transformed rape into a strict liability offense because it negated any requirement a person know that sex was happening without consent. Because sexual intercourse is an otherwise lawful act, Thomas argued the rape statute must have a mens rea component to comport with the due process. He argues that because the jury was not required to find that he *knew* the sex was nonconsensual, the crime was effectively rendered a strict liability crime. Indeed, Thomas' argument has a clear logic to it. If a defendant cannot defend by claiming not to have had a guilty state of mind—that is, knowledge that he was engaging in nonconsensual sex—then the crime appears to have no legally required mens rea. Therefore, we will assume without deciding that Thomas is correct that rape in Kansas, as Thomas was charged and as the jury was instructed, is a strict liability crime.

At the lower court, this argument was treated as a pure jury instruction issue. The Court of Appeals relied on our decision in *State v. Plunkett*, 261 Kan. 1024, 934 P.2d 113 (1997), and noted that "a jury instruction is legally appropriate when it follows the language of the criminal statute verbatim." *Thomas*, 2019 WL 3977820, at *6-7. The panel pointed out that the rape instruction given at Thomas' trial perfectly "mirror[ed] the language of our current rape statute." 2019 WL 3977820, at *7. The panel's analysis stopped there because it held the instruction was legally appropriate and Thomas had failed to challenge the instruction's factual appropriateness. 2019 WL 3977820, at *7.

Now, Thomas reiterates his attack on the instruction, but adds that the Court of Appeals ignored the due process overlay to the instruction question. We grant Thomas the due process framing of his argument, but as we will explain, we disagree with his conclusion.

First, we must compare the jury instruction to K.S.A 2020 Supp. 21-5503. The analysis is straightforward, and we agree with the Court of Appeals that jury instruction No. 5 "mirror[ed]" the Kansas rape statute. Because jury instruction No. 5 mirrored the statute under which Thomas was charged, it was legally appropriate.

As Thomas points out, however, a legally appropriate jury instruction which violates due process is still an error. Thomas claims strict liability crimes violate due process by eliminating the required mens rea element.

A strict liability crime is one which "does not require proof of a general criminal intent." *State v. Creamer*, 26 Kan. App. 2d 914, Syl. ¶ 4, 996 P.2d 339 (2000); see K.S.A. 2020 Supp. 21-5203 (defining strict liability offenses as those "without having a culpable mental state"). "The determination of whether a crime is a strict liability, general intent, or specific intent crime is a question of statutory interpretation and is subject to unlimited

5

review by an appellate court." *In re C.P.W.*, 289 Kan. 448, 451-52, 213 P.3d 413 (2009). We can find nothing in our law suggesting due process prohibits the Legislature from adopting strict liability criminal offenses.

Just the opposite. We have upheld the Legislature's authority to craft statutes that criminalize strict liability offenses. See, e.g., *State v. Stoll*, 312 Kan. 726, 480 P.3d 158 (2021) (failure to register under KORA); *State v. Mountjoy*, 257 Kan. 163, 177, 891 P.2d 376 (1995) (practicing the healing arts without a license). Thomas protests that the Legislature cannot create strict liability offenses for conduct resulting in significant criminal sanctions and points to his 620-month sentence. We disagree. The Legislature has already criminalized rape without proof of a mens rea—commonly known as statutory rape—and we have consistently reaffirmed the constitutional validity of that criminal statute in its current and pre-recodification forms. See K.S.A. 2020 Supp. 21-5503(a)(3) (defining rape as "sexual intercourse with a child who is under 14 years of age").

Judge Kathryn Gardner of the Court of Appeals has aptly explained the Legislature's authority to create felony strict liability crimes:

"We begin with the well-established recognition that the Legislature has the authority to create strict liability crimes:

'That it is within the power of the legislature to forbid the doing of an act and make its commission criminal, without regard to the intent or knowledge of the doer, is well established in our jurisprudence. [Citations omitted.]

. . . .

'"'It is within the power of the legislature to declare an act criminal irrespective of the intent or knowledge of the doer of the act. In accordance with

6

this power, the legislature in many instances has prohibited, under penalty, the performance of specific acts. The doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted and the knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt. The only fact to be determined in these cases is whether the defendant did the act. . . ."(p. 28).' *State v. Logan*, 198 Kan. 211, 216, 424 P.2d 565 (1967)." *State v. Genson*, 59 Kan. App. 2d 190, 202, 481 P.3d 137 (2020).

We agree with Judge Gardner's summary of the Legislature's authority to create strict liability criminal offenses. Thus, even assuming Thomas is correct that K.S.A. 2020 Supp. 21-5503(e) effectively renders rape a strict liability crime in Kansas, he has failed to show that this is a violation of his due process rights or is outside the Legislature's broad authority to craft criminal laws.

Affirmed.

STANDRIDGE, J., not participating.